IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELIZABETH BARRETT, individually, | Case No: |
| Plaintiff, | |
| v. | |
| DOLLAR TREE, INC., a Virginia corporation, | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Elizabeth Barrett, by and through her attorneys, Melmed Law Group P.C. for her Complaint against Defendant, Dollar Tree, Inc., states as follows:

## PARTIES

1. Plaintiff, Elizabeth Barrett ("Plaintiff"), is an individual who resides in Ishpeming, Michigan.

2. Defendant, Dollar Tree, Inc. ("Defendant"), is incorporated in the state of Virginia.

3. Defendant owns a large discount retail chain operating numerous stores throughout the United States, including Michigan.

4. Defendant is registered to conduct business in the state of Michigan and its registered agent is listed as CSC-Lawyers Incorporating Service, 3410 Belle Chase Way, Ste 600, Lansing, Michigan 48911.

1

## JURISDICTION AND VENUE

5. This Court has original subject-matter jurisdiction over Plaintiff's claim arising under Title VII of the Civil Rights Act of 1964, 42 § U.S.C. § 2000e, *et seq*.

6. The Court also has supplemental jurisdiction over Plaintiff's claim arising under the Michigan Elliot-Larsen Civil Rights Act ("ELCRA") pursuant to 28 U.S.C. § 1367 because Plaintiff's ELCRA claim originates from the same facts that form the basis of her federal claim.

7. Venue lies in this District pursuant to 28 U.S.C. § 1391 because the Defendant conducts business in this District and the events and conduct giving rise to the claims in this lawsuit occurred in this District.

## GENERAL ALLEGATIONS

8. Defendant employed Plaintiff as a merchandise assistant manager from approximately April 2022 through October 2023 at its store in Marquette, Michigan.

9. At all relevant times, Defendant employed Axel Acevido Crespo ("Crespo") as Plaintiff's direct manager and supervisor.

10. In or about June 2022, Plaintiff began experiencing a pattern of severe and pervasive sexual harassment by Crespo.

11. Despite numerous complaints and the behavior being open and notorious, Defendant failed to take any action to provide a workplace safe from sexual harassment.

12. From the first time Plaintiff's son, Austin Conary ("Austin"), a 22-year-old male, came into the store to visit her (in or around June of 2022), Crespo (whom Plaintiff had previously told Austin is her son) began a pattern of severe and pervasive sexual harassment that created an uncomfortable working environment for the Plaintiff.

13. Immediately upon seeing Austin, Crespo commented to Plaintiff about her son's "ass." From that day on, every time Austin would come to the store (ranging from two times per week to once a month), Crespo, who is a two-time convicted sexual offender and listed on the Sex Offender Registry, made comments to Plaintiff about him, such as, "I would love to fuck the shit out of your son."

14. Crespo's unwelcome, predatory behavior was persistent, occurring almost on a daily basis. He made sexually harassing and unwelcome comments to Plaintiff throughout the day, nearly every day.

15. In or around May 2023, District Manager, Kevin Scramshaw ("Scramshaw"), came to the store to speak with Plaintiff about a Facebook group she had formed to help communicate with her co-workers. During that visit, Plaintiff informed Scramshaw that the store's stockers, who were all male, were threatening to resign due to Crespo's sexually inappropriate conduct and the hostile working environment Crespo's behavior was creating. Plaintiff also reported Crespo's unwanted sexually inappropriate behavior toward her to Scramshaw.

16. To Plaintiff's knowledge and belief, no investigation was made at that time and no corrective action was taken. Defendant's delay in taking immediate action to create a workplace free from sexual harassment subjected Plaintiff to Crespo's ongoing sexual harassment for months before any action was ultimately taken to discipline Crespo.

17. In addition to the ongoing sexual harassment, Plaintiff was also exposed to retaliation at the hands of Crespo immediately following her complaints to Scramshaw.

18. In or around August 2023, Ashley Buchanan ("Buchanan") replaced Scramshaw as District Manager. At that time, Plaintiff reiterated her complaints against Crespo to Buchanan. It wasn't until the end of August – a full three months after Plaintiff made her initial complaints -

3

that Defendant started an investigation into Crespo's conduct. Although Defendant ultimately terminated Crespo in or about September of 2023, Plaintiff was subjected to several more months of harassment at Crespo's hands in the time it took Defendant to take action on Plaintiff's complaints.

19. In addition to waiting several months before investigating Plaintiff's complaints against Crespo, Defendant embarked on a pattern of retaliation against Plaintiff proximate in time to her complaints. For example, shortly after Plaintiff's complaints to Scramshaw about Crespo's sexually harassing conduct, Scramshaw directed Plaintiff, in the presence of Crespo, to dispose of all products that had been water damaged due to a roof leak. When Plaintiff attempted to carry out Scramshaw's assignment, Crespo wrote her up for throwing company product away.

20. On another occasion, Crespo wrote Plaintiff up for the store getting broken into with no proof that Plaintiff was responsible for the break in. Shortly after Plaintiff's complaints about Crespo to Buchanan, Buchanan wrote Plaintiff up claiming that Plaintiff broke company policy by engaging in "banter" with Crespo, and hiring a family member, with full knowledge that Plaintiff never had responsibility for hiring or firing people, and never did hire or fire anyone.

21. All of these adverse employment actions, including several pretextual write-ups, occurred only after Plaintiff's complaints and were in direct retaliation for the complaints. In fact, the retaliation is ongoing as Defendant has still failed to provide Plaintiff with her final paycheck.

22. On or about October 9, 2023, Plaintiff's working conditions became so intolerable that she felt she had no other option but to resign from her position.

23. On or about February 22, 2024, Plaintiff filed a charge of employment discrimination against Defendant with the U.S. Equal Employment Opportunity Commission (Charge No. 471-2024-02746).

24. On February 24, 2025, the EEOC issued a Notice of Right to Sue letter to Plaintiff. This Complaint is timely filed within the 90-day period.

**COUNT I:**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. §2000e,** *et seq.* **– SEXUAL HARASSMENT**

25. Plaintiff incorporates by reference all prior paragraphs herein.

26. At all relevant times, Defendant was Plaintiff's "employer" as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b) ("Title VII").

27. Plaintiff is a member of the classes of individuals protected by Title VII. 42 U.S.C. §200e(f); 42 U.S.C. § 2000e-2(a)(1).

28. At all relevant times, Defendant had a duty under Title VII not to discriminate against Plaintiff, including a duty to provide a work environment free from sexual harassment.

29. Plaintiff was repeatedly subjected to egregious and sexually harassing conduct by Crespo during her employment.

30. The sexual harassment included, but was not limited to, unwelcome comments directed at Plaintiff, unwanted explicit text messages, comments and conduct of an offensive and sexual nature directed at Plaintiff and her son, and the creation of a hostile work environment.

31. The sexual harassment substantially interfered with Plaintiff's employment with Defendant.

32. Defendant violated Plaintiff's civil rights under Title VII by subjecting her to unwelcome, offensive, and sexually harassing conduct that was perpetrated upon Plaintiff by her coworker.

33. Despite Defendant having knowledge of the sexual harassment, Defendant failed to appropriately remedy the harassment.

34. Defendant violated Plaintiff's civil rights under Title VII in ways which included, but were not limited to, the following:

   a. Subjecting Plaintiff to a pattern and practice of sexual harassment resulting in a hostile work environment.

   b. Failing to take prompt and corrective action to address Plaintiff's repeated complaints about sexual harassment.

   c. Failing to follow its corporate policies and procedures including, but not limited to, progressive discipline policy, non-retaliation and non-discrimination policies.

   d. Constructively terminating her employment.

   e. Other acts and/or omissions that may become known during discovery.

35. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff suffered damages including but not limited to, loss of compensation and fringe benefits, non-economic damages for mental and emotional distress, and attorney fees and costs.

**COUNT II:**
**VIOLATION OF MICHIGAN'S ELLIOT-LARSEN CIVIL RIGHTS ACT,**
**MCL § 37.2101, *et. seq.* – SEXUAL HARASSMENT**

36. Plaintiff incorporates by reference all prior paragraphs herein.

37. Defendant was Plaintiff's employer as defined by Michigan's Elliot-Larsen Civil Rights Act, MCL § 37.2201, *et. seq.* ("ELCRA").

38. The ELCRA provides: "Discrimination because of sex includes sexual harassment" and "[s]exual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature under the following conditions . . . the conduct or communication has the purpose or effect of substantially interfering with an individual's employment." MCL § 37.2103(k)(iii).

39. At all relevant times, Defendant had a duty under the ELCRA not to discriminate against Plaintiff, including a duty to provide a work environment free from sexual harassment.

40. Plaintiff was repeatedly subjected to egregious and sexually harassing conduct by Crespo during her employment.

41. The sexual harassment included, but was not limited to, unwelcome comments directed at Plaintiff, unwanted explicit text messages, comments and conduct of an offensive and sexual nature directed at Plaintiff and her son, and the creation of a hostile work environment.

42. The sexual harassment substantially interfered with Plaintiff's employment with Defendant.

43. Defendant violated Plaintiff's civil rights under the ELCRA by subjecting her to unwelcome, offensive, and sexually harassing conduct that was perpetrated upon Plaintiff by her coworker.

44. Despite Defendant having knowledge of the sexual harassment, Defendant failed to appropriately remedy the harassment.

45. Defendant violated Plaintiff's civil rights under the ELCRA in ways which included, but were not limited to, the following:

   a. Subjecting Plaintiff to a pattern and practice of sexual harassment resulting in a hostile work environment.

   b. Failing to take prompt and corrective action to address Plaintiff's repeated complaints about sexual harassment.

   c. Failing to follow its corporate policies and procedures including, but not limited to, progressive discipline policy, non-retaliation and non-discrimination policies.

   d. Constructively terminating her employment.

   e. Other acts and/or omissions that may become known during discovery.

46. As a direct and proximate result of Defendant's violations of the ELCRA, Plaintiff suffered damages including but not limited to, loss of compensation and fringe benefits, non-economic damages for mental and emotional distress, and attorney fees and costs.

**WHEREFORE**, Plaintiff requests that this Court enter a Judgement in her favor and award a monetary judgement for consequential and incidental damages including, but not limited to, back pay, front pay, fringe benefits, damages for emotional and mental distress, and attorney fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues in this Complaint that are so triable as a matter of right.

Date: May 22, 2025

Respectfully submitted,

/s/Laura M. Supanich

Jonathan Melmed (CA SBN 290218)
Laura Supanich (P85849) (CA SBN 314805)
**MELMED LAW GROUP, P.C.**
1801 Century Park East, Suite 850
Los Angeles, CA 90067
(310) 824-3828
jm@melmedlaw.com
lms@melmedlaw.com

*Attorneys for Plaintiff*